

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable James W. Simpson, Sr.
County Attorney
Concho County
Paint Rock, Texas

Dear Sir:

Opinion No. 0-6164
Re: Is there a limitation placed by the statutes on the amount that a sheriff in a fee county may charge for traveling expenses?

Will a list of all delinquent taxes have to be published before the County Attorney can proceed to collect them?

Your letter of August 14, 1944, requests that we answer two questions as follows:

1. What amount may the sheriff of Concho County, which county is on a fee basis, charge for auto and travel expense for his office? You state that your Commissioners' Court is of the opinion that the maximum monthly charge is $50.00.

2. Since the Commissioners' Court has asked you to collect delinquent taxes, you inquire if a delinquent tax list has to be published before proceeding to collect.

We answer your questions in the order asked.

1. The sheriff's authorized auto and travel expenses are governed by Section (a) of Article 3899, Revised Statutes, as amended. The $50.00 ceiling referred to in your letter was formerly contained in Article 3899, but it has been eliminated by amendment of that statute. We enclose a copy of our opinion

Honorable James W. Simpson, Sr., Page 2

No. O-3194 which discusses this matter in detail and which fully answers your question. The Statute in question has been amended in other particulars since the issuance of that opinion, but the provisions dealing with the sheriff's auto and travel expenses have not been changed since the opinion was issued.

2. Publication of the delinquent tax record is discretionary with the Commissioners' Court, and a failure to publish such list is no defense to a suit for taxes due. Art. 7323, R. S.; 40 Tex. Jur. 229; Zachary v. City of Uvalde, 42 S. W. (2d) 417 (Comm. of App.); Kansas City, M. & O. Ry. Co. v. Rochester Independent School District, 292 S. W. 964. This is the general rule.

However, "in certain cases," the requirement that the Commissioners' Court publish a delinquent list is mandatory. In Article 7346, the Commissioners' Court is authorized to have a list made of any real property omitted from the tax rolls for any year or years since 1884 and of any invalid assessments on realty. Article 7347 provides for re-assessment of such properties, and Article 7349 requires the Commissioners' Court to publish such list. Failure to publish such list is a defense in a tax suit on any of such re-assessments. Ceyanes v. Tabaseo Consolidated Independent School District, 94 S. W. (2d) 537, writ of error refused.

We do not find any other exceptions to the general rule, supra.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED SEP 21 1944

ATTORNEY GENERAL OF TEXAS

By J. Arthur Sandlin
J. Arthur Sandlin
Assistant

JAS:bt

